...

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

RECEIVED
2016 APR 25 P 3: 37

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| YVONNE BROWN LEWIS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:16-cv-290-MHT |
| | ) |
| vs. | ) |
| | ) COMPLAINT AND DEMAND FOR |
| SCOTT, PARNELL & ASSOCIATES, | ) JURY TRIAL |
| P.C., and ASSET ACCEPTANCE, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

## NATURE OF ACTION

1. Plaintiff Yvonne Brown Lewis ("Plaintiff") brings this action against Defendants Asset Acceptance, LLC and Scott, Parnell & Associates, P.C. ("Defendants") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, and/or where Defendants transact business in this district.

## PARTIES

1

4. Plaintiff is a natural person.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Scott, Parnell & Associates, P.C. ("Scott") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Scott is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Asset Acceptance, LLC ("Asset") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. Asset is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person allegedly obligated to pay a debt owed or due, or asserted to be owed or due, a creditor.

11. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal Chase credit card (the "Debt").

12. Scott uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. Asset purchases debts once owed or once due, or asserted to be once owed or once due, a creditor.

14. Asset acquired the Debt when it was allegedly in default.

15. Asset retained Scott to collect the Debt from Plaintiff on its behalf.

16. In connection with the collection of the Debt, Defendants obtained a judgment and Writ of Garnishment order against one similarly named, but not the Plaintiff: Yvonne F. Lewis.

17. On June 22, 2015, in an attempt to collect from Yvonne F. Lewis, process of Garnishment was wrongly served to Plaintiff's employer, Laurel Oaks Behavioral Health Center.

18. On July 17, 2015, Plaintiff was notified by her employer's payroll company that Plaintiff's wages were being garnished for repayment of the Debt.

19. Plaintiff's wages were attached and taken as a result of the garnishment for the Debt.

20. Plaintiff contacted Chase Cardmember Services to verify that she did not incur the Debt.

21. Chase Cardmember Services sent Plaintiff two letters dated August 11, 2015.

22. True and correct copies of Chase Cardmember Services's letters are attached to this complaint as Exhibit A.

23. The letters verify that Plaintiff does not owe the Debt.

24. On August 3, 2015, Plaintiff submitted a complaint against Scott to the Consumer Finance Protection Bureau disputing Scott's improper actions to collect the Debt.

25. A true and correct copy of Plaintiff's August 3, 2015 complaint to the Consumer Finance Protection Bureau is attached to this complaint as Exhibit B.

26. On August 18, 2015, Scott responded to Plaintiff's complaint stating the events of the file had been reviewed and confirmed.

27. A true and correct copy of Scott's August 18, 2105 response is attached to this complaint as Exhibit C.

28. In connection with the collection of the Debt, Scott sent Plaintiff a letter dated August 19, 2015.

29. A true and correct copy of Scott's August 19, 2015 letter is attached to this complaint as Exhibit D.

30. By continuing to wrongfully collect a debt not incurred by Plaintiff, despite being notified of the error, Defendant engaged in collection activity that is false, deceptive, and misleading.

31. Defendants' actions have caused Plaintiff financial hardship and undue

distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

32. Plaintiff repeats and re-alleges each and every factual allegation above.

33. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

34. Plaintiff repeats and re-alleges each and every factual allegation above.

35. Defendants violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f

36. Plaintiff repeats and re-alleges each and every factual allegation above.

37. Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

38.  Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 29, 2016.

Respectfully submitted,

Curtis R. Hussey (ASB- 7684-S57C)
Hussey Law Firm, LLC
10 N. Section Street, No 122
Fairhope, AL 36532-1896
(888) 332-7232
(866) 317-2674 facsimile
Chussey@consumerlawinfo.com
Attorney for Yvonne Brown Lewis

*Co-counsel with Thompson Consumer Law Group, PLLC*

5235 E. Southern Ave., D106-618
Mesa, AZ 85206